**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Alan Lambert, | No. CV-24-03593-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Discover Bank, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to remand. (Doc. 11.) For the following reasons, the motion is denied.

## BACKGROUND

On November 12, 2024, Plaintiff filed the complaint in Maricopa County Superior Court. (Doc. 1-1 at 9.) In a nutshell, the complaint asserts that Defendant improperly attempted to collect a debt and filed two improper state court actions against Plaintiff in its debt-collection efforts, despite having no banking permit and no legal right to engage in the banking business in Arizona without such a permit. (*Id.* at 11-16 ¶¶ 11-22; *id.* at 108.) Plaintiff asserts various state-law claims, a claim for "violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1961 et seq.," and a claim for "violation of FDIC regulations." (*Id.* at 19-20.) The complaint also alleges that "Defendant's unlawful conduct . . . may implicate federal laws concerning fair debt collection practices, specifically the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq." (*Id.* at 22 ¶ 51.) As damages, the complaint seeks $8.75 million in

compensatory damages and $26.25 million in punitive damages. (*Id.* at 28.)

On November 25, 2024, Plaintiff served Defendant. (*Id.* at 6.)

On December 17, 2024, Defendant removed this action. (Doc. 1.) The notice of removal alleges that "Plaintiff is a citizen of Arizona," that "Defendant is a citizen of Delaware because it is a Delaware corporation whose main office is located in Wilmington, Delaware," and that "Plaintiff alleges damages for $35,000,000," such that the Court has diversity jurisdiction over the action. (*Id.* ¶ 3.)

On January 2, 2025, Plaintiff filed the pending motion for remand (Doc. 11), which is fully briefed (Docs. 17, 19.)

## DISCUSSION

"A defendant generally may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1441(a)). The federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are diverse. 28 U.S.C. § 1332(a). The amount in controversy is the "amount at stake in the underlying litigation," which comprises "any result of the litigation, excluding interests and costs, that entails a payment by the defendant," including "*inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. *Gonzales*, 840 F.3d at 648-49 (internal quotation marks and citations omitted).

"In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or[] in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum

amount] when federal jurisdiction is challenged."[1] *Id.* "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

There is a "strong presumption" against removal jurisdiction.[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Plaintiff's motion does not challenge any of the jurisdictional allegations in the notice of removal—specifically, it does not dispute the diverse citizenship of the parties or the amount in controversy. However, in his reply, Plaintiff asserts, in conclusory fashion, that the assertion that the amount in controversy exceeds $75,000 is "speculative and unsupported." (Doc. 19 at 4.)

Setting aside whether the Court should even consider a challenge to the amount-in-controversy allegation raised for the first time in Plaintiff's reply, the complaint seeks compensatory damages in the amount of $8.75 million and punitive damages in the amount of $26.25 million. (Doc. 1-1 at 28.) Whether these sums are sought in good faith is another question, but the Court is satisfied that the jurisdictional threshold amount is satisfied, considering the nature of the claims asserted.

Furthermore, the complaint raises a federal question through its federal claims.

---

[1] "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

[2] The "strong presumption" against removal in "mine-run diversity cases" was not altered by *Dart*, which addressed removal of class actions under the Class Action Fairness Act. *Dart*, 574 U.S. at 89; s*ee also Johnson v. Twin City Fire Ins. Co.*, 2015 WL 1442644, *2 n.2 (D. Ariz. 2015).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for remand (Doc. 11) is **denied**.

Dated this 23rd day of January, 2025.

Dominic W. Lanza
United States District Judge