**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Alan Lambert, | No. CV-24-03593-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Discover Bank, | |
| Defendant. | |

Pending before me are three motions filed by Plaintiff Craig Alan Lambert: (1) a Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 47); (2) a Motion for Clarification Regarding Initiation of Arbitration (Doc. 52); and (3) a Motion to Lift Stay, for Rule 16 Conference, and for Alternative Implementation Order (Doc. 55). The motions are fully briefed. (*See* Docs. 49, 51, 53, 54, 56, 57.) For the reasons explained below, all three motions will be **denied**.

**I.    BACKGROUND**

The factual and procedural background of this action is set forth in the Order compelling arbitration. (*See* Doc. 40 at 1–3.) The following consists of developments relevant to the pending motions.

On September 15, 2025, I entered an order granting Discover's motion to compel arbitration and staying this action pending the conclusion of arbitration. (Doc. 40 ("Arbitration Order").) I explained that the parties' Cardmember Agreements ("Contracts") were governed by the Federal Arbitration Act ("FAA"), that the arbitration

clauses contained therein were valid and enforceable, and that Lambert's challenges to the Contracts as a whole—including his contention that the Contracts were void ab initio under Arizona licensing statutes—must be resolved by the arbitrator under *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), and its progeny. (*Id.* at 6–11.) I also rejected Lambert's challenges to the constitutionality of the Contracts. (*Id.* at 9–11.)

On October 1, 2025, Lambert filed three motions: (1) a motion for leave to file a supplemental pleading in support of his Complaint pursuant to Federal Rule of Civil Procedure 15(d) and LRCiv 15.1, (Doc. 41); (2) a motion to alter or amend the Arbitration Order pursuant to Federal Rule of Civil Procedure 59(e) contending that the order contained manifest legal error, (Doc. 42); and (3) a motion to "reinstate" IFP status and offset PACER fees, (Doc. 43). I denied each of these three motions on October 3, 2025. (Doc. 46.) As to his Rule 59(e) motion, I found that rule inapplicable because the Order compelling arbitration and staying the case was not a final, appealable judgment, and even liberally construing the motion as a reconsideration motion, Lambert largely reasserted arguments already addressed and rejected in the prior Order, and thus did not satisfy LRCiv 7.2(g)(1). (*Id.* at 1–2.) Lambert's motion for leave to file a supplemental pleading and motion to "reinstate" IFP status were denied as moot, without prejudice to him reasserting his arguments upon resolution of arbitration. (*Id.* at 2.)

Shortly after I entered the October 3, 2025 Order, Lambert filed a second motion for leave to file a supplemental pleading in support of his Complaint. (Doc. 45.) On October 14, 2025 that motion was denied as moot in a text-only order. (Doc. 48.)

On October 10, 2025, nearly four weeks after entry of the Arbitration Order, Lambert filed his Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (Doc. 47 ("Interlocutory Appeal Motion").) Lambert seeks certification of the Arbitration Order for interlocutory appeal, framing the controlling legal question as "[w]hether an arbitration clause within a contract declared void ab initio under state law may be enforced under the FAA." (*Id.* at 3.) Discover responded, (Doc. 49), and Lambert replied, (Doc. 51).

On February 20, 2026—more than five months after I compelled arbitration and without arbitration having been commenced—Lambert filed a Motion for Clarification Regarding Initiation of Arbitration. (Doc. 52 ("Clarification Motion").) Lambert asks for clarity as to which party is responsible for initiating arbitration, selecting the arbitral forum, and advancing arbitration fees, and requests an order directing Discover to initiate arbitration within thirty days. (*Id.* at 7.) Discover responded, (Doc. 53), and Lambert replied, (Doc. 54).

Finally, on April 22, 2026, Lambert filed a Motion to Lift Stay, for Rule 16 Conference, and for Alternative Implementation Order. (Doc. 55 ("Lift Stay Motion").) Lambert seeks to lift the stay I entered when I compelled arbitration on the ground that arbitration has not been commenced, and he further requests a Rule 16 conference, or in the alternative, an implementation order requiring the parties to take specified steps to commence arbitration within fourteen days. (*Id.* at 10–11.) Discover responded, (Doc. 56), and Lambert replied, (Doc. 57).

## II.  DISCUSSION

### A.  Interlocutory Appeal Motion (Doc. 47)

"[T]he courts of appeals are vested with 'jurisdiction of appeals from all final decisions of the district courts . . . .'" *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1022 (9th Cir. 1982) (quoting 28 U.S.C. § 1291). Section 1292(b) of Title 28, however, provides a narrow exception to the final judgment rule, permitting a district court to certify an otherwise non-appealable order for immediate appellate review where the court is "of the opinion that such order [(1)] involves a controlling question of law as to which [(2)] there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking certification bears the burden of demonstrating that each of these three requirements is met. *Couch*, 611 F.3d at 633; *In re Cement*, 673 F.2d at 1026 (noting "exceptional circumstances standard of section 1292(b)" is borne by the party seeking such

- 3 -

review (internal quotation marks omitted)).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore [it] must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067–68 n.6 (9th Cir. 2002). Certification is appropriate "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. Even where all three statutory requirements are satisfied, the decision whether to certify remains within the district court's discretion. *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008).

Interlocutory appeal of an order compelling arbitration is especially constrained. The FAA generally bars appeals from interlocutory orders that compel arbitration or stay an action pending arbitration, with one exception: certification under 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b). Section 1292(b) is thus the only avenue for immediate appellate review of the Arbitration Order. As set forth below, Lambert has failed to establish he is entitled to certification of that order for interlocutory appeal under § 1292(b).

### 1.    Controlling Question of Law

Lambert has satisfied the first prong of § 1292(b). A "controlling question of law" within the meaning of § 1292(b) is a "pure question of law rather than a mixed question of law and fact or the application of law to a particular set of facts." *Karoun Dairies, Inc. v. Karlacti, Inc.*, 2014 WL 11906588, at *4 (S.D. Cal. 2014) (cleaned up). "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Here, Lambert frames his proposed question as "[w]hether an arbitration clause within a contract declared void ab initio under state law may be enforced under the FAA." (Doc. 47 at 3.) That framing presents a pure question of law, and it is therefore sufficient to satisfy the first prong.

### 2.    There Is No Substantial Ground for Difference of Opinion

Although Lambert has identified a controlling question of law, he cannot satisfy the

second prong of § 1292(b) because he fails to demonstrate a "substantial ground for difference of opinion." *Couch*, 611 F.3d at 633. A substantial ground for difference of opinion exists only where "the controlling law is unclear." *Id.* The Ninth Circuit has identified three circumstances in which this requirement is typically met: (1) "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point"; (2) "complicated questions arise under foreign law"; or (3) "novel and difficult questions of first impression are presented." *Id.* (quotation marks omitted). Moreover, a "party's strong disagreement with the Court's ruling" does not suffice. *Id.* (quotation marks omitted). And "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

While Lambert's framing of the controlling question of law narrowly addresses his argument that the Contracts as a whole are invalid because they are void ab initio, the broader question of law encompassing Lambert's framing is whether a party may challenge the validity of a contract as a whole in court, or whether that question must be resolved by an arbitrator. The controlling law in this Circuit as to that question is clear. As I explained in the Arbitration Order, the Supreme Court in *Buckeye* drew a clear line: challenges "specifically [to] the validity of the agreement to arbitrate" are for the court, while challenges to "the contract as a whole, either on a ground that directly affects the entire agreement . . . , or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid," are for the arbitrator. 546 U.S. at 444; (Doc. 40 at 7–8). Moreover, the Ninth Circuit has expressly confirmed that "when a plaintiff's legal challenge is that a contract as a whole is unenforceable, the arbitrator decides the validity of the contract, including derivatively the validity of its constituent provisions (such as the arbitration clause)." *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010); *see also Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 703 (9th Cir. 2022) ("A defense that a law invalidates a contract with an arbitration provision is an issue for the arbitrator to decide.").

Thus, what Lambert really asks the Court of Appeals to review is whether I correctly

applied *Buckeye's* settled framework to Lambert's particular challenges to the Contracts. But as the Ninth Circuit has already explained, Lambert's "strong disagreement with [my] ruling" is insufficient because the application of settled law "differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633 (quotation marks omitted).

Lambert relies principally on *Spahr v. Secco*, 330 F.3d 1266 (10th Cir. 2003), and *Sphere Drake Insurance Ltd. v. All American Life Insurance Co.*, 256 F.3d 587 (7th Cir. 2001), to argue that "no arbitration agreement exists where a contract is void ab initio." (Doc. 47 at 4.)  That argument misreads those cases and ignores that the Supreme Court in *Buckeye* expressly distinguished them as cases addressing whether an agreement was ever formed in the first place—not whether a formed agreement is later deemed void or voidable:

> The issue of the contract's validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded.  Our opinion today addresses only the former, and does not speak to the issue decided in the cases cited by respondents . . . , which hold that it is for courts to decide whether the alleged obligor ever signed the contract, . . . whether the signor lacked authority to commit the alleged principal, [*Sphere Drake*], and whether the signor lacked the mental capacity to assent, [*Spahr*].

546 U.S. at 444 n.1 (citations omitted).

Lambert has not argued at any point in this litigation that he never entered into the Contracts or that the Contracts were never formed, which I explained in the Arbitration Order.  (Doc. 40 at 8–9.)  To the contrary, his theory is that Discover's alleged failure to obtain Arizona banking authorization renders an otherwise-formed contract void or voidable.  That is a challenge to the validity of the contract as a whole, which *Buckeye* and *Bridge Fund Capital* commit to the arbitrator, not me.  *Spahr* and *Sphere Drake* do not help him.

Because Lambert identifies no Supreme Court, Ninth Circuit, or district court decision within this Circuit that conflicts with my application of *Buckeye* and *Bridge Fund Capital*, no circuit split, no foreign-law question, and no genuinely novel issue of first

- 6 -

impression, he cannot satisfy the second element of § 1292(b). *See Couch*, 611 F.3d at 633.

### 3.    Immediate Appeal Materially Advancing Ultimate Termination

Finally, even if Lambert had satisfied the second element of § 1292(b), he has not shown that an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification materially advances the litigation when it would "avoid protracted and expensive litigation," *In re Cement*, 673 F.2d at 1026, and save the court and parties "unnecessary trouble and expense," *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1067 (D. Haw. 2013) (quoting *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004)).

Here, certification would do the opposite. The Arbitration Order stayed this action and sent the parties to arbitration. (Doc. 40 at 12.) Certification would halt that arbitration and inject months—if not years—of appellate proceedings between the parties and the resolution of their dispute. That outcome is directly contrary to the purpose of the FAA, which is to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

Lambert's litigation conduct since entry of the Arbitration Order confirms the point. Rather than initiating arbitration, Lambert has filed in succession a Motion for Leave to File Supplemental Pleading (Doc. 41), a Motion to Alter or Amend under Rule 59(e) (Doc. 42), a Motion to Reinstate IFP Status (Doc. 43), a second Motion for Leave to File Supplemental Pleading (Doc. 45), the present Motion to Certify (Doc. 47), a Motion for Clarification (Doc. 52), and a Motion to Lift Stay (Doc. 55)—each, in substance, reasserting the same challenges to arbitration that I have already considered and rejected. Certifying an interlocutory appeal in this posture would not move the litigation toward resolution; it would prolong it.

Because Lambert has not met his burden of establishing the elements of 28 U.S.C.

§ 1292(b), his Interlocutory Appeal Motion will be denied.[1]

### B.   Clarification Motion (Doc. 52)

Lambert separately moves under Federal Rule of Civil Procedure 60(a) for an order "clarifying" the Arbitration Order, and in so doing, asks me to order Discover, as the party that moved to compel arbitration, to initiate arbitration within thirty days, select the arbitral forum, and bear the initial filing fees.  (Doc. 52 at 7.)  In the alternative, Lambert asks that I clarify that he, as the party asserting claims, must initiate arbitration, and asks that I set a status-report deadline.  (*Id.*)  The Clarification Motion will be denied for two reasons.

First, Rule 60(a) authorizes courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Rule 60(a) "is not a perpetual right to apply different legal rules or different factual analyses to a case"; rather, it is reserved for "only mindless and mechanistic mistakes, minor shifting of facts, and [not] new additional legal perambulations."  *United States v. Alisal Water Corp.*, 2019 WL 2603311, at *5 (N.D. Cal. 2019) (quoting *Matter of West Texas Mktg. Corp.*, 12 F.3d 497, 504–505 (5th Cir. 1994)).  Here, Lambert identifies no clerical mistake or oversight.  He asks instead for substantive supplementation of the Arbitration Order—an assignment of responsibilities and deadlines the Order did not impose.  Such relief is not available under Rule 60(a).

Second, to the extent the motion can be construed as a request for substantive clarification, it is denied on the merits.  The arbitration clauses in the Contracts provide for arbitration to "proceed only with the American Arbitration Association (AAA) or JAMS." (Doc. 16-4 at 4; Doc. 16-5 at 4; *see also* Doc. 40 at 5–6.)  The rules of both forums place the obligation to commence arbitration on the party asserting a claim.  *See* Am. Arb. Ass'n, *AAA Consumer Arbitration Rules and Mediation Procedures* R-4(a)(i) (May 1, 2025), https://www.adr.org/media/yawntdvs/2025_consumer_arbitration_rules.pdf (requiring the party asserting a claim—the "claimant"—to initiate arbitration); *JAMS Comprehensive*

---

[1]   Discover Bank separately argued that Lambert's Interlocutory Appeal Motion was untimely.  (Doc. 49 at 4.)  Because that motion fails on other grounds, I do not address the untimeliness argument.

*Arbitration Rules & Procedures*, Rules 5(b), 9(b) (June 1, 2021), https://www.jamsadr.com/rules-comprehensive-arbitration (explaining that JAMS will issue a Commencement Letter after certain requirements are met, including that "Claimant has provided JAMS with contact information for all Parties together with evidence that the Demand for Arbitration has been served on all Parties").

Furthermore, the Contracts themselves suggest how a claimant seeking to pursue claims against Discover must proceed:

> If you wish to begin an arbitration against us but you cannot afford to pay the organization's or arbitrator's costs, we will advance those costs if you ask us in writing. Any request like this should be sent to Discover, PO Box 30421, Salt Lake City, UT 84130-0421. If you lose the arbitration, the arbitrator will decide whether you must reimburse us for money we advanced for you for the arbitration. If you win the arbitration, we will not ask for reimbursement of money we advanced.

(Doc. 16-4; Doc. 16-5.)[2]

Thus, there is nothing for this Court to clarify: a party who wishes to pursue claims in arbitration must file a demand with one of the designated forums in accordance with that forum's rules. Lambert is the party asserting claims in this action. (*See* Doc. 1-1 at 16–28.) Discover removed the action and successfully moved to compel arbitration of Lambert's claims; it did not assert any counterclaim or affirmative claim of its own that it now seeks to arbitrate. Nothing in the Arbitration Order shifted the burden of initiating arbitration to Discover, and nothing in the FAA, the Contracts, or the applicable arbitral forum rules requires such a shift.

Lambert's arguments to the contrary are unpersuasive. His reliance on *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072 (9th Cir. 2014), is misplaced because that decision does not hold that a defendant who successfully moves to compel

---

[2] The fee-advancement provision of the Contracts provides a mechanism by which Lambert may request that Discover advance arbitration costs if he cannot afford to pay them. Whether Lambert is entitled to such advancement, and on what terms, is a matter for Lambert and Discover to address under the Contracts and, if necessary, for the arbitrator. It is not a matter for me to adjudicate in the guise of "clarifying" the Arbitration Order.

arbitration must thereafter file the arbitration demand on the plaintiff's behalf. Indeed, it is unclear what relevance that case has to the Clarification Motion, or why Lambert cited it. Likewise, Lambert's argument that Discover has "waived" arbitration by not initiating it is nonsense, both because Discover had no obligation to initiate arbitration and because Discover's pursuit of arbitration—which was successful—is the opposite of waiver. And Lambert's repeated invocation of his "void ab initio" theory is, once again, a challenge to the validity of the Contracts as a whole that must be presented to the arbitrator, not in this litigation.

### C.    Lift Stay Motion (Doc. 55)

Lambert's third motion asks me to lift the stay entered on September 15, 2025, set a Rule 16 scheduling conference, or in the alternative enter an implementation order requiring Discover to commence arbitration within fourteen days. (Doc. 55 at 10–11.) The Lift Stay Motion will be denied.

Lambert's central argument for lifting the stay is that Discover is "in default in proceeding with such arbitration" in violation of 9 U.S.C. § 3 because arbitration has not been commenced in the months since entry of the Arbitration Order. (*Id.* at 4.) That argument fails for the reason explained in Section II(B) above: Lambert, not Discover, is the party asserting claims, and the rules of the designated arbitral forums place the obligation to commence arbitration on him as the claimant. Lambert's own failure to initiate arbitration cannot place Discover in "default" under § 3.

Lambert's reliance on *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003), confirms rather than undermines this conclusion. *Sink* held that a party that had already commenced arbitration and then failed to pay its share of arbitration fees was in "default" within the meaning of § 3, such that the stay of court proceedings could no longer be maintained. *Id.* at 1198–1201. That holding addresses a defendant that affirmatively obstructed an ongoing arbitration; it does not stand for the proposition that a defendant who successfully moved to compel arbitration must thereafter assert the claimant's claims on their behalf. Lambert candidly acknowledges that *Sink* "involved a failure to pay

arbitration fees after arbitration had been commenced, rather than a failure to initiate arbitration in the first place," (Doc. 55 at 5), and that distinction is dispositive. Discover has done nothing to obstruct arbitration—it moved to compel arbitration, obtained the stay it sought, and remains prepared to arbitrate Lambert's claims if and when Lambert initiates that process. (*See* Doc. 56 at 1–2.)

Lambert's citation to *Smith v. Spizzirri*, 601 U.S. 472 (2024), is likewise unavailing. *Spizzirri* confirms that a district court must stay—rather than dismiss—an action when a party requests a stay and the dispute is subject to arbitration. *Id.* at 475–76. The Supreme Court emphasized that a stay "comports with the supervisory role that the FAA envisions for the courts." *Id.* at 478. That supervisory role, however, is a reason to maintain the stay, not to lift it. Nothing in *Spizzirri* authorizes a district court to abandon a stay once entered—or to take over the arbitral forum's case-management functions—because the claimant has chosen not to initiate arbitration.

Because Lambert's claims—including his challenge to the validity of the Contracts—are subject to arbitration, this case remains properly stayed and Lambert's request for a Rule 16 conference or implementation order must be denied. Rule 16 governs the management of litigation properly pending in a district court. It does not provide a vehicle for district courts to manage arbitration proceedings on behalf of the parties or to substitute themselves for an arbitral forum selected by the parties. The Arbitration Order already directed the parties to arbitration and required a Joint Status Report within one week of the arbitrator's decision or six months of the Order, whichever is sooner. (Doc. 40 at 12.) That status-report obligation will be vacated, and I will address any further proceedings on the basis of the information the parties provide.

## III.    CONCLUSION

Lambert has not satisfied all three statutory prerequisites for § 1292(b) certification. Furthermore, his Clarification Motion identifies no clerical error and seeks substantive relief to which he is not entitled. And his Lift Stay Motion misreads § 3 of the FAA and *Sink*, and asks me to take over functions that belong to the claimant and to the arbitral

forum. Simply put, Lambert's motions lack merit and his filings of those motions reflect behavior that is inconsistent with a desire to resolve his claims. Rather than proceed with arbitration ordered more than eight months ago, Lambert has filed seven motions largely seeking to undo the Arbitration Order, has ignored the rules of the pertinent arbitral forums identified in the Contracts, and has refused to adhere to the language in the Contracts concerning the procedures for payment of arbitration fees. Given the significant delays resulting from Lambert's conduct, I will not consider further challenges to the Arbitration Order. Instead, I will require Lambert to confer with Discover regarding the payment of arbitration fees within ten days, and require him to initiate arbitration within thirty days. If he fails to take either action, I will dismiss this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 47) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clarification Regarding Initiation of Arbitration (Doc. 52) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Lift Stay, for Rule 16 Conference, and for Alternative Implementation Order (Doc. 55) is **denied**.

**IT IS FURTHER ORDERED** that Lambert must confer with Discover concerning payment of arbitration fees within **ten (10) days of this order** and must commence arbitration **within thirty (30) days of this order**. Failure to comply with these deadlines will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that this action shall remain stayed pending completion of the parties' arbitration, consistent with the September 15, 2025 Order (Doc. 40).

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report within **forty-five (45) days** of the date of this Order to address whether Lambert has complied with this Order.

///

**IT IS FURTHER ORDERED** that the Joint Status Report deadlines set forth in the September 15, 2025 Order (Doc. 40) are hereby vacated; I will set new deadlines upon receipt of the parties' Joint Status Report filed within forty-five (45) days, if appropriate.

Dated this 11th day of June, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 13 -